Green J.
delivered the opinion of the court.
This is a bill against co-sureties for contribution. The following facts are agreed on: — That on the 17th of January, 1840, Samuel B. Marshall was appointed marshal of the Middle District of Tennessee, and that he entered upon the discharge of his duties after giving bond, dated 6th March, 1840, with John D. Goss, the complainant, and all the defendants, and one James Barrett as his sureties. S. B. Marshall continued to act until — October, 1841, when he was removed. During his continuance in office he collected monies which he failed to pay over, and which were collected from the complainant, judgments having been rendered against him on the 21st of September, 1843, which were afterwards discharged by him. *200 In the month of December 1842, all the defendants filed their petitions to be declared bankrupts, and were duly declared such,, before the judgments were obtained against the complainant and before he paid the money.
Upon 'this statement, the defendants insist that they are discharged from all liability to contribute, as co-sureties of the complainant, by their certificates in bankruptcy. We do not think the complainant’s demand is embraced by the words, “other persons having uncertain or contingent demands,” used in the 5th section of the bankrupt law. At the time these defendants were declared bankrupt, the complainant had no debt or demand against them. Their liability to him does not exist as a matter of contract between themselves, but arises out of the equity that exists between them, as co-sureties for another. 1 Story Eq. sec. 493. The complainant had no demand-that he could prove at the time the defendants were declared bankrupt. The possibility of the claim that now exists, was incapable of valuation.
We think the certificate of discharge in bankruptcy, is no protection against the complainant’s right of recovery.
Reverse the decree, and decree for the complainant.